United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 30, 2007**

Charles R. Fulbruge III
Clerk

*In the United States Court of Appeals
for the Fifth Circuit*

No. 04-51355

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ROBERTO GONZALEZ-RAMIREZ, also known as Roberto Gonzalez, also known as Emerlindo Santos Castro-Castro,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas

Before JOLLY, PRADO and OWEN, Circuit Judges.

PRISCILLA R. OWEN, Circuit Judge:

The defendant contends that a conviction for attempted kidnapping under Tennessee law is not a "crime of violence" for purposes of section 2L1.2 of the United States Sentencing Guidelines. Because Tennessee's statutory definition of kidnapping falls within the generic, contemporary meaning of "kidnapping," an enumerated offense in the commentary to section 2L1.2, the district court did not err in applying a crime-of-violence enhancement in this case. The defendant's sentence is affirmed.

# I

The government charged Roberto Gonzalez-Ramirez with illegally re-entering the United States in violation of 8 U.S.C. § 1326. The government then filed a "Notice of Intent to Seek Increased Statutory Penalty" under § 1326(b)(2), which increases the maximum statutory penalty from two years imprisonment to twenty years imprisonment if the defendant was previously deported following an aggravated felony conviction.[1] This request was based on Gonzalez-Ramirez's prior conviction under Tennessee law for attempted kidnapping.

Gonzalez-Ramirez pleaded guilty to violating section 1326, but at sentencing, he objected to being sentenced under subsection 1326(b)(2). Gonzalez-Ramirez argued that *Apprendi v. New Jersey*[2] precludes a court from increasing the maximum statutory sentence based on a prior conviction that was not alleged in the indictment. Gonzalez-Ramirez did not otherwise object to the application of subsection 1326(b)(2) or a 16-level crime-of-violence enhancement in calculating the advisory guideline sentencing range, as recommended in the presentence investigation report.

The district court rejected the *Apprendi* objection, applied the crime-of-violence enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on the attempted kidnapping conviction, and sentenced Gonzalez-Ramirez to 46 months imprisonment. On appeal, Gonzalez-Ramirez asserts error in both the application of 8 U.S.C. § 1326(b)(2) and the

---

[1]*Compare* 8 U.S.C. § 1326(a) *with id.* § 1326(b).

[2]530 U.S. 466 (2000).

Guidelines' crime-of-violence enhancement. Gonzalez-Ramirez concedes, however, that his

*Apprendi* objection to the application of the statutory sentencing provision is foreclosed by

*Almendarez-Torres v. United States*[3] and circuit precedent.[4]  Therefore, the only issue we

consider on appeal is whether Gonzalez-Ramirez's prior conviction for attempted kidnapping

under Tennessee law is a "crime of violence" under section 2L1.2.  Because this argument

was raised for the first time on appeal, the plain-error standard of review applies.[5]

## II

Under the plain-error standard, a defendant must establish error that is plain and

affects substantial rights.[6]  If these conditions are met, an appellate court may exercise its

discretion to notice the forfeited error only if "'the error seriously affect[s] the fairness,

integrity, or public reputation of judicial proceedings.'"[7]  For the reasons that follow, we

conclude that the district court did not err in treating Gonzalez-Ramirez's conviction as a

crime of violence under section 2L1.2.

Section 2L1.2 of the Sentencing Guidelines authorizes a 16-level sentence

enhancement "[i]f the defendant previously was deported, or unlawfully remained in the

---

[3]523 U.S. 224 (1998).

[4]*United States v. Torres-Diaz*, 438 F.3d 529, 538 (5th Cir.) (holding that a challenge to section 1326(b) based on *Apprendi* is foreclosed by *Almendarez-Torres*), *cert. denied*, 126 S. Ct. 1487 (2006).

[5]*United States v. Alfaro*, 408 F.3d 204, 207 (5th Cir.), *cert. denied*, 126 S. Ct. 271 (2005).

[6]*United States v. Cotton*, 535 U.S. 625, 631 (2002).

[7]*Id.* at 631-32 (quoting *Johnson v. United States*, 520 U.S. 461, 467 (1997)).

United States, after . . . a conviction for a felony that is . . . a crime of violence."[8]  The term

"crime of violence" is not defined in section 2L1.2.  But according to the Guidelines

commentary,

> "Crime of violence" means any of the following:  murder, manslaughter, *kidnapping*, aggravated assault, forcible sex offenses, statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.[9]

We regard the Guidelines commentary as authoritative,[10] and when interpreting it, we apply

the plain, ordinary and commonly understood meaning of the words.[11]

In this case, the government does not contend that Gonzalez-Ramirez was convicted

of an offense "that has as an element the use, attempted use, or threatened use of physical

force against the person of another."  The government asserts only that Gonzalez-Ramirez's

conviction constitutes the enumerated offense of kidnapping.  According to the government,

if the state statute of conviction is labeled "kidnapping" or "attempted kidnapping," the

---

[8]UNITED STATES SENTENCING GUIDELINES MANUAL § 2L1.2(b)(1)(A)(ii) (2003) ("U.S.S.G.").

[9]*Id.* § 2L1.2, cmt. n.1(B)(iii) (emphasis added).

[10]*Stinson v. United States*, 508 U.S. 36, 38 (1993) ("[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline.").

[11]*See United States v. Mendez-Villa*, 346 F.3d 568, 570 (5th Cir. 2003) (applying a plain meaning approach to interpreting the federal sentencing guidelines and commentary).

4

conviction automatically qualifies as kidnapping within the meaning of the Guidelines commentary.

In contrast, Gonzalez-Ramirez argues that labels have varying definitions under differing state statutes and, therefore, cannot be conclusive. According to Gonzalez-Ramirez, the enumerated offense of kidnapping incorporates the Model Penal Code's definition, which requires removal or confinement for certain specified purposes.[12] Unlike the Model Penal Code, the Tennessee statute under which Gonzalez-Ramirez was convicted does not require removal or confinement for any specified purpose. Therefore, according to Gonzalez-Ramirez, he was not convicted of kidnapping as that term is used in the Guidelines.

## A

In evaluating these arguments, we first note that a conviction for *attempted* "kidnapping" may qualify as the enumerated offense of kidnapping for purposes of section 2L1.2(b)(1)(A). The commentary to section 2L1.2 states, "Prior convictions of offenses counted under subsection (b)(1) include the offenses of aiding and abetting, conspiring, and attempting, to commit such offenses."[13] Gonzalez-Ramirez has not challenged the requirements for an attempt under Tennessee law. Thus, our analysis is not

---

[12]MODEL PENAL CODE § 212.1 (2001).

[13]U.S.S.G. § 2L1.2, cmt. n.5.

5

affected by the fact that Gonzalez-Ramirez was convicted of attempted kidnapping rather than kidnapping.[14]

**B**

Turning now to the definition of kidnapping, as enumerated for purposes of section 2L1.2, we conclude that state-law labels do not control. The crime-of-violence enhancement incorporates crimes with certain elements, not crimes that happen to be labeled "kidnapping" or "attempted kidnapping" under state law. "The Guidelines were enacted to bring uniformity and predictability to sentencing."[15] The goal is "to reduce unjustified disparities and so reach toward the evenhandedness and neutrality that are the distinguishing marks of any principled system of justice."[16] These goals would not be accomplished by treating state-law labels of kidnapping as controlling.

State-by-state, the definitions of felony kidnapping vary dramatically. For example, in Maryland, when the victim is a competent adult, the defendant must "by force or fraud, carry or cause [the] person to be carried in or outside the State with the intent to have the

---

[14]*See United States v. Morales-Perez*, 467 F.3d 1219, 1221 (9th Cir. 2006) (holding under section 2L1.2 that "a 'drug trafficking offense' also includes the crime of attempt to commit a drug trafficking offense"); *United States v. Phillips*, 413 F.3d 1288, 1291 (11th Cir. 2005) (same), *cert. denied*, 126 S. Ct. 1594 (2006).

[15]*United States v. Ashburn*, 20 F.3d 1336, 1347 (5th Cir. 1994).

[16]*Koon v. United States*, 518 U.S. 81, 113 (1996); *see also* 28 U.S.C. § 991(b)(1)(B) (2000) ("The purposes of the United States Sentencing Commission are to . . . provide certainty and fairness in meeting the purposes of sentencing, avoiding unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar criminal conduct while maintaining sufficient flexibility to permit individualized sentences when warranted by mitigating or aggravating factors not taken into account in the establishment of general sentencing practices . . . .").

6

person carried or concealed in or outside the State."[17] In contrast, "carrying" is not required in South Carolina. There, kidnapping means to "unlawfully seize, confine, inveigle, decoy, kidnap, abduct or carry away any other person by any means whatsoever without authority of law . . . ."[18] Like South Carolina, Hawaii does not require "carrying." In Hawaii, kidnapping includes any restriction on movement that substantially interferes with the person's liberty.[19] But under Hawaii law, the restraint must be accomplished by force, threat, or deception when the victim is a competent adult, and in all cases, it must be done with a specific intent, such as to hold for ransom, use as a shield or hostage, or inflict bodily injury.[20] Thus, a defendant who unlawfully restrained but did not "carry" another adult has not committed felony kidnapping under Maryland law. But the defendant has committed felony kidnapping under South Carolina law. Under Hawaii law, whether the defendant committed felony kidnapping will depend on the means and intent.

These provisions illustrate only a few of the many differences in state kidnapping laws. Given these differences, a defendant "would, or would not, receive a sentence enhancement based on exactly the same conduct, depending on whether the State of his prior

---

[17]MD. CODE ANN., CRIM. LAW § 3-502 (LexisNexis 2002); *see also State v. Stouffer*, 721 A.2d 207, 215 (Md. 1998) ("[T]he Maryland kidnapping statute, [formerly] § 337, requires a *carrying* of the victim. To that extent, it is unlike the allied crime of false imprisonment and other kidnapping statutes that punish certain unlawful detentions and concealments, even in the absence of an asportation.").

[18]S.C. CODE ANN. § 16-3-910 (2003).

[19]HAW. REV. STAT. ANN. §§ 707-700, -720 (Westlaw through 2006 legislation).

[20]*Id.*

conviction happened to call that conduct" kidnapping.[21] We conclude that when a sentencing enhancement under the Guidelines is based on an enumerated but undefined offense, and when the states' definitions of that offense vary significantly, the offense "must have some uniform definition independent of the labels employed by the various States' criminal codes."[22] In other words, when determining whether a defendant has been convicted of kidnapping for purposes of section 2L1.2, state-law labels do not control.

## C

We must now determine whether Gonzalez-Ramirez's attempted kidnapping conviction under Tennessee law qualifies as "kidnapping" for purposes of section 2L1.2. In Tennessee, all three degrees of kidnapping are defined with reference to false imprisonment.[23] False imprisonment means "knowingly remov[ing] or confin[ing] another unlawfully so as to interfere substantially with the other's liberty."[24]

> "Unlawful" means, with respect to removal or confinement, one which is accomplished by force, threat or fraud, or, in the case of a person who is under the age of thirteen (13) or incompetent, accomplished without the consent of a parent, guardian or other person responsible for the general supervision of the minor's or incompetent's welfare.[25]

---

[21]*Cf. Taylor v. United States*, 495 U.S. 575, 590-91 (1990).

[22]*See id.* at 592.

[23]TENN. CODE ANN. §§ 39-13-303, -304, -305 (2003).

[24]*Id.* § 39-13-302.

[25]*Id.* § 39-13-301(2).

8

Under section 39-13-303 of Tennessee's Code, "kidnapping" is "false imprisonment . . . (1) [u]nder circumstances exposing the other person to substantial risk of bodily injury; or (2) [w]here the confinement of another is in a condition of involuntary servitude."[26] "'Involuntary servitude' means the condition of a person who is compelled by force, coercion or imprisonment and against the person's will to labor for another, whether paid or not . . . ."[27] Although the condition of involuntary servitude may result from force, coercion *or* imprisonment, it is not "kidnapping" unless the victim's confinement was procured "unlawfully," which requires the use of force, threat or fraud.[28]

Tennessee defines "aggravated kidnapping" as false imprisonment committed:

(1) To facilitate the commission of any felony or flight thereafter;

(2) To interfere with the performance of any governmental or political function;

(3) With the intent to inflict serious bodily injury on or to terrorize the victim or another;

(4) Where the victim suffers bodily injury; or

(5) While the defendant is in possession of a deadly weapon or threatens the use of a deadly weapon.[29]

"Especially aggravated kidnapping" is defined as false imprisonment:

---

[26]*Id.* § 39-13-303.

[27]*Id.* § 39-13-301(1).

[28]*Id.* § 39-13-301(2),

[29]*Id.* § 39-13-304.

9

(1) Accomplished with a deadly weapon or by display of any article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon;

(2) Where the victim was under the age of thirteen (13) at the time of the removal or confinement;

(3) Committed to hold the victim for ransom or reward, or as a shield or hostage; or

(4) Where the victim suffers serious bodily injury.[30]

When determining which provision of Tennessee law was the basis for Gonzalez-Ramirez's conviction, this court "is generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented."[31] In this case, the Tennessee indictment charged Gonzalez-Ramirez with aggravated kidnapping under TENN. CODE ANN. § 39-13-304, subsections (3) [intent to inflict serious bodily injury or to terrorize] and (4) [serious bodily injury inflicted]. But Gonzalez-Ramirez did not plead guilty to that charge. Instead, he pleaded guilty to attempted kidnapping under section 39-13-303. The record does not reflect whether a new indictment was issued, and if so, what factual circumstances were alleged. Because Gonzalez-Ramirez never pleaded guilty to the indictment charging aggravated kidnapping, that indictment cannot be used to determine

---

[30]*Id.* § 39-13-305.

[31]*Shepard v. United States*, 544 U.S. 13, 15 (2005); *see also United States v. Garza-Lopez*, 410 F.3d 268, 274 (5th Cir.) (applying *Shepard* to U.S.S.G. § 2L1.2), *cert. denied*, 126 S. Ct. 298 (2005).

whether Gonzalez-Ramirez's conviction was for a crime of violence under U.S.S.G. § 2L1.2.[32]

The record contains no appropriate document, transcript, or assented-to fact-finding indicating the precise basis for Gonzalez-Ramirez's conviction under section 39-13-303. Specifically, no appropriate source clarifies (1) whether the offense involved "circumstances exposing the other person to substantial risk of bodily injury" or "a condition of involuntary servitude" or (2) whether the imprisonment was accomplished by force, threat, or fraud or involved a child or an incompetent adult restrained without the requisite consent.

Absent clarification regarding the offense and conviction, this court must consider the entire definition of "kidnapping" provided in section 39-13-303 of Tennessee's Code. We consider each aspect of that definition, including the alternative bases for conviction, and determine whether the least culpable act constituting a violation of that statute constitutes "kidnapping" for purposes of U.S.S.G. § 2L1.2.[33] Because kidnapping is not defined in the Guidelines, we employ a common-sense approach and define the term according to its

---

[32]*See United States v. Turner*, 349 F.3d 833, 836 (5th Cir. 2003) (refusing to consider the indictment for enhancement purposes under U.S.S.G. § 4B1.2 because the defendant pleaded guilty to a lesser offense and was never reindicted on the lesser count); *cf. United States v. Martinez-Vega*, 471 F.3d 559, 562-63 (5th Cir. 2006) (looking to the indictment to determine the offense of conviction even though the defendant pleaded guilty to a lesser offense because the judgment of conviction stated that the defendant had pleaded guilty to "*the* lesser charge contained in the indictment").

[33]*See United States v. Houston*, 364 F.3d 243, 246 (5th Cir. 2004) ("If an indictment is silent as to the offender's actual conduct, we must proceed under the assumption that his conduct constituted the least culpable act satisfying the count of conviction.").

generic, contemporary meaning.[34] "For sources of generic[,] contemporary meaning, we consider, *inter alia*, the Model Penal Code, Professors LaFave and Scott's treatise, modern state cases, and dictionaries."[35] Although our objective is to ascertain the contemporary meaning, we are not required to apply the most nuanced, restrictive, or cutting-edge interpretation.

The pertinent provisions of the Model Penal Code were"primarily designed to effect a major restructuring of the law of kidnapping."[36] The Code's drafters commented that many state "kidnapping statutes combined severe sanctions with extraordinarily broad coverage, to the effect that relatively trivial restraints carried authorized sanctions of death or life imprisonment."[37] To change the status quo, the Model Penal Code drafters divided imprisonment offenses into three categories. "[C]onduct of a most serious nature" was labeled kidnapping.[38] The least serious conduct, "knowingly restrain[ing] another unlawfully so as to interfere substantially with his liberty," was labeled false imprisonment.[39] The intermediate offense was called felonious restraint.[40]

---

[34]*See United States v. Sanchez-Ruedas*, 452 F.3d 409, 412 (5th Cir.), *cert. denied*, 127 S. Ct. 315 (2006).

[35]*Id.*

[36]MODEL PENAL CODE § 212.1 explanatory note (2001).

[37]*Id.*

[38]3 WAYNE R. LaFAVE, SUBSTANTIVE CRIMINAL LAW § 18.1(a), p.5 (2d ed. 2003).

[39]MODEL PENAL CODE § 212.3 (2001).

[40]*Id.* § 212.2.

The Model Penal Code's most serious imprisonment offense, kidnapping, is defined

as

> unlawfully remov[ing] another from his place of residence or business, or a substantial distance from the vicinity where he is found, or . . . unlawfully confin[ing] another for a substantial period in a place of isolation, with any of the following purposes:
>
> > (a) to hold for ransom or reward, or as a shield or hostage; or
> >
> > (b) to facilitate commission of any felony or flight thereafter; or
> >
> > (c) to inflict bodily injury on or to terrorize the victim or another; or
> >
> > (d) to interfere with the performance of any governmental or political function.
>
> . . . A removal or confinement is unlawful within the meaning of this Section if it is accomplished by force, threat or deception, or, in the case of a person who is under the age of 14 or incompetent, if it is accomplished without the consent of a parent, guardian or other person responsible for general supervision of his welfare.[41]

As thus defined, kidnapping does not occur under the Model Penal Code absent one of the specifically enumerated purposes. In contrast, no specific purpose is required for the intermediate offense of felonious restraint, which means "knowingly: (a) restrain[ing] another unlawfully in circumstances exposing him to risk of serious bodily injury; or (b) hold[ing] another in a condition of involuntary servitude."[42]

---

[41]*Id.* § 212.1 (emphasis added).

[42]*Id.* § 212.2.

Relying on the foregoing definitions, Gonzalez-Ramirez argues he was not convicted of attempted "kidnapping" as that term is used in U.S.S.G. § 2L1.2 because the Tennessee statute of conviction does not require a specified purpose. He maintains that Tennessee's statute corresponds more closely to the Model Penal Code's definition of felonious restraint. But Gonzalez-Ramirez ignores significant distinguishing factors between Tennessee's basic kidnapping statute and the Model Penal Code's definition of felonious restraint. Unlike the Model Penal Code's definition of felonious restraint, Tennessee's kidnapping statute requires the use of force, threat or fraud or, for incompetents or children under the age of 13, the absence of consent.[43] In comparison, these aggravating factors are comparable to essential elements of the Model Penal Code's definition of kidnapping.[44] The Tennessee statute thus falls somewhere between what the Model Penal Code calls "felonious restraint" and "kidnapping." But in terms of the egregiousness of the conduct required for conviction, Tennessee's statute is closer to the latter than the former.

Of course, the Model Penal Code is not the exclusive standard by which we define the terms used in the Sentencing Guidelines; it is but one source to be considered in ascertaining the "generic, contemporary meaning" of a specifically enumerated offense. We

---

[43]TENN. CODE ANN. §§ 39-13-301(2), -302, -303 (2003).

[44]*See* MODEL PENAL CODE § 212.1 ("A removal or confinement is unlawful *within the meaning of this Section* if it is accomplished by force, threat or deception, or, in the case of a person who is under the age of 14 or incompetent, if it is accomplished without the consent of a parent, guardian or other person responsible for general supervision of his welfare." (emphasis added)).

14

must also, and more importantly, review other states' kidnapping statutes. Having done so, we are persuaded that Tennessee's basic kidnapping statute requires conduct that is well-within what is commonly considered to be "kidnapping."

Like the Model Penal Code, a significant number of states distinguish kidnapping from other offenses by requiring a specified purpose other than to confine or restrain, even for the least culpable means of conviction.[45] But the majority of states do not. Several states do not require purposes such as those in the Model Penal Code at all,[46] and many others only

---

[45]ARIZ. REV. STAT. ANN. § 13-1304 (2001); ARK. CODE ANN. § 5-11-102 (2006); DEL. CODE ANN. tit. 11, §§ 783, 783A (2001) (requiring specific intent other than to take or confine except for children under age 16); FLA. STAT. ANN. § 787.01 (West Supp. 2006); HAW. REV. STAT. ANN. § 707-720 (LexisNexis 2003); IND. CODE ANN. § 35-42-3-2 (West 2004) (requiring specific intent other than to confine except when hijacking a vehicle); KAN. STAT. ANN. § 21-3420 (1995); KY. REV. STAT. ANN. § 509.040 (LexisNexis Supp. 2005); MICH. COMP. LAWS § 750.349 (Westlaw through 2006 legislation); MINN. STAT. ANN. § 609.25 (West 2003); MO. ANN. STAT. § 565.110 (West Supp. 2006); NEB. REV. STAT. § 28-313 (1995); N.H. REV. STAT. ANN. § 633:1 (LexisNexis Supp. 2006); N.J. STAT. ANN. § 2C:13-1 (Westlaw through 2006 legislation); N.M. STAT. § 30-4-1 (2004); N.C. GEN. STAT. § 14-39 (Westlaw through 2006 legislation); N.D. CENT. CODE § 12.1-18-01 (1997); 18 PA. CONS. STAT. ANN. § 2901 (West 2000); S.D. CODIFIED LAWS §§ 22-19-1, -1.1 (Supp. 2006) (requiring specific intent other than to take or conceal except for children under age 14); VT. STAT. ANN. tit. 13, § 2405 (1998) (requiring specific intent other than to keep "for a substantial period" except for children under age 16); W. VA. CODE ANN. §§ 61-2-14, -14a (LexisNexis 2005); WYO. STAT. ANN. § 6-2-201 (2005). *See also* IOWA CODE ANN. § 710.1(4) (West 2003) (precluding a conviction for kidnapping absent an Model Penal Code-like purpose unless the perpetrator intended to secretly confine the victim).

[46]ALASKA STAT. § 11.41.300(a)(2), .370(3) (2004); CAL. PENAL CODE § 207(a) (West Supp. 2006); COLO. REV. STAT. ANN. § 18-3-302(1) (West 2004); GA. CODE ANN. § 16-5-40(a) (Supp. 2006); 720 ILL. COMP. STAT. ANN. 5/10-1(a)(1) (West 2002); LA. REV. STAT. ANN. §§ 14:44.1, :45(A)(1) (1997); ME. REV. STAT. ANN. tit. 17-A, § 301(1)(B) (2006); MD. CODE ANN., CRIM. LAW § 3-502(a) (LexisNexis 2002); MASS. GEN. LAWS ANN. ch. 265, § 26 (West 2000); MISS. CODE ANN. § 97-3-53 (2006); MONT. CODE ANN. § 45-5-302(1) (2005); OHIO REV. CODE ANN. § 2905.01(B) (West 1997); R.I. GEN. LAWS § 11-26-1(a) (2002); S.C. CODE ANN. § 16-3-910 (2003); TENN. CODE ANN. § 39-13-303(a) (2003); UTAH CODE ANN. § 76-5-301(1) (2003).

use those types of purposes to distinguish between higher and lesser degrees of kidnapping.[47]

Although there is a broad spectrum of conduct that is classified as "kidnapping" by various state statutes, a majority of states have rejected a specified purpose requirement for kidnapping crimes. We therefore cannot conclude that a specified purpose or intent is required for a state kidnapping conviction to constitute a crime of violence under section 2L1.2.

By the same token, we would not conclude that the term "kidnapping" encompasses any unlawful confinement, based on the broadest and most basically written state kidnapping statute.[48] But we are not presented with such a statute in this case. The conduct proscribed

---

[47]ALA. CODE §§ 13A-6-40, -44(a) (LexisNexis 2005) (requiring intent to prevent liberation); CONN. GEN. STAT. ANN. §§ 53a-91, -94(a) (West 2001) (same); IDAHO CODE ANN. §§ 18-4501(1), -4503 (2004); IOWA CODE ANN. § 710.1(4) (West 2003) (kidnapping includes an act accompanied by the intent to secretly confine); NEV. REV. STAT. § 200.310(2) (2005); N.Y. PENAL LAW §§ 135.00(2), .20 (McKinney 2004); OR. REV. STAT. § 163.225(1) (2005); TEX. PENAL CODE ANN. §§ 20.01(2), .03(a) (Vernon 2003 & Supp. 2006); VA. CODE ANN. § 18.2-47(A) (2004); WASH. REV. CODE ANN. §§ 9A.40.010, .030(1) (West 2000 & Supp. 2006); WIS. STAT. ANN. § 940.31(1) (West 2005); *cf.* OKLA. STAT. ANN. tit. 21, § 741 (West Supp. 2007) (intent to cause the victim to be sent out of the state against the victim's will); *see also* 3 WAYNE R. LAFAVE, SUBSTANTIVE CRIMINAL LAW § 18.1(e), p.20 (2d ed. 2003) ("The [Model Penal Code] position is that the best way to distinguish kidnapping from lesser crimes (under the Code's scheme, felonious restraint and false imprisonment) is 'to specify nefarious purposes' with which the kidnapping defendant must have acted. While a minority of states do not utilize such a list in their kidnapping law, the others do, either to distinguish kidnapping from any lesser offenses carrying other labels or else to distinguish the highest grade of kidnapping from one or more lesser degrees of that offense.") (footnotes omitted).

[48]*See* S.C. CODE ANN. § 16-3-910 (2003) ("**Kidnapping.** Whoever shall unlawfully seize, confine, inveigle, decoy, kidnap, abduct or carry away any other person by any means whatsoever without authority of law, except when a minor is seized or taken by his parent, is guilty of a felony . . . .").

by Tennessee's kidnapping statute cannot be characterized as "relatively trivial restraints."[49]

To the contrary, the elements of Tennessee's kidnapping offense include:

(1)    knowing removal or confinement;

(2)    substantial interference with the victim's liberty;

(3)    (a) force, threat, or fraud, or
(b) if the victim is incompetent or under age thirteen, lack of consent from the person responsible for the general supervision of the victim's welfare; and

(4)    (a) circumstances exposing the victim to substantial risk of bodily injury, or
(b) confinement as a condition of involuntary servitude, meaning "the condition of a person who is compelled by force, coercion or imprisonment and against the person's will to labor for another, whether paid or not."[50]

Tennessee's kidnapping statute is in line with a majority of other states with regard to victims

who are children or legally incompetent,[51] and it is at least as restrictive, if not more

---

[49]*See* MODEL PENAL CODE § 212.1 explanatory note (2001).

[50]TENN. CODE ANN. §§ 39-13-301, -302(a), -303(a) (2003).

[51]*See, e.g.*, ALA. CODE §§ 13A-6-40(1)(b), -44(a) (LexisNexis 2005); ALASKA STAT. §§ 11.41.300(a)(2), .370(3) (2004); COLO. REV. STAT. ANN. § 18-3-302(2) (West 2004); CONN. GEN. STAT. ANN. §§ 53a-91, -94(a) (West 2001); DEL. CODE ANN. tit. 11, §§ 783(6), 783A(6), 786 (2001); IDAHO CODE ANN. §§ 18-4501(2), -4503 (2004); 720 ILL. COMP. STAT. ANN. 5/10-1(a), (b), 5/10-2(a)(2) (West 2002); LA. REV. STAT. ANN. § 14:45(A)(3) (1997); MASS. GEN. LAWS ANN. ch. 265, § 26 (West 2000); MISS. CODE ANN. § 97-3-53 (2006) (requires that the offense be "against the will" of the legal custodian); NEV. REV. STAT. § 200.310(1) (2005); N.H. REV. STAT. ANN. § 633:1(I-a) (LexisNexis Supp. 2006); N.Y. PENAL LAW §§ 135.00, .20 (McKinney 2004); OHIO REV. CODE ANN. § 2905.01(B) (West 1997); TEX. PENAL CODE ANN. §§ 20.01, .03(a) (Vernon 2003 & Supp. 2006); UTAH CODE ANN. § 76-5-301(1)(d), (2) (2003); WASH. REV. CODE ANN. §§ 9A.40.010, .030(1) (West 2000 & Supp. 2006); *see also* GA. CODE ANN. § 16-5-40(a) (Supp. 2006) (requiring similar or lesser elements for all victims, regardless of age or competency); IOWA CODE ANN. § 710.1(4) (West 2003) (same); KY. REV. STAT. ANN. § 509.040(1)(f) (LexisNexis Supp. 2005) (requiring intent to deprive the lawful custodian of the victim); ME. REV. STAT. ANN. tit. 17-A, § 301(1)(B) (2006) (requiring similar or lesser elements for all victims, regardless of age or competency); MD. CODE ANN., CRIM. LAW § 3-502(a) (LexisNexis 2002) (same); MONT. CODE ANN. § 45-5-302(1) (2005) (same); OKLA. STAT. ANN. tit. 21, § 741 (West Supp. 2007) (same); OR. REV. STAT. §§ 163.215, .225(1) (2005) (requiring intent to interfere substantially with the victim's liberty);

restrictive, than a majority of state kidnapping statutes as to competent adults.[52] In this latter regard, it is significant that Tennessee requires the use of force, threat or fraud along with the additional aggravating elements of substantial risk of injury or confinement as a condition of involuntary servitude. These are significant factors that distinguish Tennessee's kidnapping statute from the lesser offenses identified by the Model Penal Code[53] and

---

R.I. GEN. LAWS §§ 11-26-1(a), -1.4 (2002 & Supp. 2005) (requiring similar or lesser elements for all victims, regardless of age or competency); S.C. CODE ANN. § 16-3-910 (2003) (same); S.D. CODIFIED LAWS §§ 22-19-1(5), -1.1(5) (Supp. 2006) (requiring taking or enticing a child with intent to detain and conceal); VT. STAT. ANN. tit. 13, § 2405(a)(2) (1998) (requiring intent to keep a child for a substantial period); VA. CODE ANN. § 18.2-47(A) (2004) (requiring similar or lesser elements for all victims, regardless of age or competency); WIS. STAT. ANN. § 940.31(1) (West 2005) (same).

[52]*See, e.g.,* ALA. CODE §§ 13A-6-40, -44(a) (LexisNexis 2005); ALASKA STAT. §§ 11.41.300(a)(2), .370(3) (2004); CAL. PENAL CODE § 207(a) (West Supp. 2006); COLO. REV. STAT. ANN. § 18-3-302 (West 2004); CONN. GEN. STAT. ANN. §§ 53a-91, -94(a) (West 2001); GA. CODE ANN. § 16-5-40(a) (Supp. 2006); IDAHO CODE ANN. §§ 18-4501(1), -4503 (2004); 720 ILL. COMP. STAT. ANN. 5/10-1(a) (West 2002); IOWA CODE ANN. § 710.1(4) (West 2003); LA. REV. STAT. ANN. § 14:45(A)(1) (1997); ME. REV. STAT. ANN. tit. 17-A, § 301(1)(B) (2006); MD. CODE ANN., CRIM. LAW § 3-502(a) (LexisNexis 2002); MASS. GEN. LAWS ANN. ch. 265, § 26 (West 2000); MISS. CODE ANN. § 97-3-53 (2006); MONT. CODE ANN. § 45-5-302(1) (2005); NEV. REV. STAT. § 200.310(2) (2005); N.Y. PENAL LAW §§ 135.00(2), .20 (McKinney 2004); OHIO REV. CODE ANN. § 2905.01(B) (West 1997); OKLA. STAT. ANN. tit. 21, § 741 (West Supp. 2007); OR. REV. STAT. § 163.225(1) (2005); R.I. GEN. LAWS § 11-26-1(a) (2002); S.C. CODE ANN. § 16-3-910 (2003); TEX. PENAL CODE ANN. §§ 20.01, .03 (Vernon 2003 & Supp. 2006); UTAH CODE ANN. § 76-5-301(1) (2003); VA. CODE ANN. § 18.2-47(A) (2004); WASH. REV. CODE ANN. §§ 9A.40.010, .030(1) (West 2000 & Supp. 2006); WIS. STAT. ANN. § 940.31(1) (West 2005); *see also* OHIO REV. CODE ANN. § 2905.02 (West 1997) (defining "abduction" as knowingly holding in involuntary servitude, knowingly removing by force or threat, or knowingly restraining by force or threat under circumstances that create a risk of physical harm or place the victim in fear).

[53]*See* MODEL PENAL CODE § 212.2 (2001) (felonious restraint); *id.* § 212.3 (false imprisonment).

criminalized in Tennessee[54] and other states.[55] We conclude that Tennessee's statute does

not sweep more broadly than the generic, contemporary meaning of the term "kidnapping."

\* \* \* \*

For the foregoing reasons, the district court did not err in determining that Gonzalez-

Ramirez's prior conviction for attempted kidnapping was a crime of violence for purposes

of U.S.S.G. § 2L1.2(b)(1)(A)(ii). Gonzalez-Ramirez's sentence is AFFIRMED.

---

[54]TENN. CODE ANN. §§ 39-13-301(2), 39-13-302.

[55]*See, e.g.*, COLO. REV. STAT. ANN. § 18-3-303 (West 2004) (elevating the offense to a felony if force or threat of force is used or if the victim is detained for at least 12 hours); GA. CODE ANN. § 16-5-41 (Supp. 2006); IDAHO CODE ANN. § 18-2901 (2004); IOWA CODE ANN. § 710.7 (West 2003); ME. REV. STAT. ANN. tit. 17-A, § 302(1)(B)(1) (2006); MONT. CODE ANN. § 45-5-301 (2005); NEV. REV. STAT. § 200.460 (2005) (elevating the offense to a felony under certain circumstances, including when a deadly weapon is used); OHIO REV. CODE ANN. § 2905.03 (West 1997); TEX. PENAL CODE ANN. § 20.02 (Vernon 2003) (elevating the offense to a felony if the victim is recklessly exposed to a substantial risk of serious bodily injury); UTAH CODE ANN. § 76-5-304 (2003); WASH. REV. CODE ANN. § 9A.40.040 (West 2000); WIS. STAT. ANN. § 940.30 (West 2005); *see also* CAL. PENAL CODE §§ 210.5, 236 (West 1999) (defining both false imprisonment and "false imprisonment for purposes of protection from arrest or use as shield"); 720 ILL. COMP. STAT. ANN. 5/10-3, -3.1 (West 2002) (defining unlawful restraint as aggravated if a deadly weapon is used); LA. REV. STAT. ANN. §§ 14:46, :46.1 (1997) (increasing the penalty for false imprisonment while "armed with a dangerous weapon"). *But see* ALA. CODE § 13A-6-41(a) (LexisNexis 2005) (defining unlawful imprisonment in the first degree as requiring restraint "under circumstances which expose the [victim] to a risk of serious physical injury"); CONN. GEN. STAT. ANN. § 53a-95 (West 2001) (defining unlawful restraint in the first degree as restraint "under circumstances which expose [the victim] to a substantial risk of physical injury"); N.Y. PENAL LAW § 135.10 (McKinney 2004) (defining unlawful imprisonment in the first degree as requiring restraint "under circumstances which expose the [victim] to a risk of serious physical injury").