IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 4, 2009

Charles R. Fulbruge III
Clerk

No. 07-51492

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JUAN GABRIEL CUEVAS-JACOME,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 3:07-CR-2174-ALL

Before DAVIS, SMITH, and OWEN, Circuit Judges.

PER CURIAM:[*]

Juan Cuevas-Jacome pleaded guilty of illegal reentry into the United
States after removal. The presentence report ("PSR") recommended a sixteen-
level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii), because Cuevas-Jacome's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

prior conviction of third-degree robbery under Oregon law was a "crime of violence" ("COV"). The PSR did not include any specific information on the Oregon robbery statute and noted that "[d]etails of the offense have been requested, but not yet received." Following the recommendation in the PSR, the district court applied the enhancement. We affirm.

Cuevas-Jacome did not object to the enhancement in the district court, so we review for plain error, *see United States v. Garza-Lopez*, 410 F.3d 268, 272 (5th Cir. 2005), under which "standard[] a defendant must establish error that is plain and affects substantial rights," *United States v. Gonzalez-Ramirez*, 477 F.3d 310, 311 (5th Cir. 2007). This court then has discretion to correct the error if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 311-12 (internal quotations and modifications omitted).

The district court committed plain error by relying on the characterization in the PSR alone without further information about the conviction. *Garza-Lopez*, 410 F.3d at 274. Robbery is one of the enumerated COV offenses under § 2L1.2-(b)(1)(A)(ii), but the district court must analyze the statute of conviction under the "common-sense approach" to verify that it comports with the generally-accepted definition of robbery. *See United States v. Mungia-Portillo*, 484 F.3d 813, 816 (5th Cir.), *cert. denied*, 128 S. Ct. 320 (2007). With only the unsupported statement in the PSR, the court had no way of making that determination. The error obviously affected Cuevas-Jacome's substantial rights, because the enhancement vastly increased the guideline range. *See United States v. Gracia-Cantu*, 302 F.3d 208, 313 (5th Cir. 2002) (noting that a large increase in recommended guideline range affects substantial rights).

On appeal, this court granted the government's unopposed motion to supplement the record to include the Oregon statute under which Cuevas-Jacome was convicted. Therefore, we can properly determine whether the statute is

2

equivalent to generic robbery such that the enhancement applies.[1]

Cuevas-Jacome was convicted of robbery in the third degree under a statute that reads:

> (1) A person commits the crime of robbery in the third degree if in the course of committing or attempting to commit theft or unauthorized use of a vehicle . . . the person uses or threatens the immediate use of physical force upon another person with the intent of:
>
> > (a) Preventing or overcoming resistance to the taking of the property or to retention thereof immediately after the taking; or
> >
> > (b) Compelling the owner of such property or another person to deliver the property or to engage in other conduct which might aid in the commission of the theft or unauthorized use of a vehicle.

OR. REV. STAT. § 164.395 (West 2003). This court has previously defined the "generic, contemporary meaning of 'robbery.'" *United States v. Santiesteban-Hernandez*, 469 F.3d 376, 379 (5th Cir. 2006). Consulting several dictionaries and treatises and robbery statutes from a number of states, we concluded that "the generic form of robbery 'may be thought of as aggravated larceny,' containing at least the elements of 'misappropriation of property under circumstances involving [immediate] danger to the person.'" *Id.* at 380 (quoting WAYNE R. LA-FAVE, SUBSTANTIVE CRIMINAL LAW § 20.3 intro., (d)(2) (2d ed. 2003)). We held that the Texas robbery statute[2] fit the generic definition, because its require

---

[1] *See United States v. Fernandez-Cusco*, 447 F.3d 382, 386-87 (5th Cir. 2006) (using supplemental information introduced on appeal to determine whether COV enhancement applies); *United States v. Martinez-Vega*, 471 F.3d 559, 562 (5th Cir. 2006) (same).

[2] The the Texas robbery statute reads as follows:

(a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 and with intent to obtain or maintain control of the property, he:

(continued...)

ment of "actual or threatened bodily injury" is the equivalent of the immediate-danger element in generic robbery. *Id.* at 381.[3]

The Oregon third-degree robbery statute has both of the elements of generic robbery. It includes misappropriation of property with the words "committing or attempting to commit theft or unauthorized use of a vehicle." And it requires that there be immediate danger to a person, because the defendant must "use[] or threaten[] the immediate use of physical force upon another person" to be convicted. Cuevas-Jacome was therefore convicted of a COV and was subject to the sixteen-level enhancement. Because the district court's error did not "seriously affect[] the fairness, integrity, or public reputation of judicial proceedings," *Gonzalez-Ramirez*, 477 F.3d at 311-12, we AFFIRM.

---

[2] (...continued)
> (1) intentionally, knowingly, or recklessly causes bodily injury to another; or
>
> (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

TEX. PENAL CODE ANN. § 29.02 (Vernon 2006).

[3] *See also United States v. Tellez-Martinez*, 517 F.3d 813 (5th Cir.) (relying on the *Santiesteban-Hernandez* definition to hold that the California robbery statute is a COV for sentence-enhancement purposes), *cert. denied*, 129 S. Ct. 170 (2008).