# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 21, 2024

Lyle W. Cayce
Clerk

No. 23-20126

United States of America,

*Plaintiff—Appellee*,

*versus*

Timothy Morant,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CR-531-1

Before Elrod, Willett, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Timothy Morant and his codefendants went on a months-long spree of armed home invasions and kidnappings around Houston, Texas, during which they threatened, zip-tied, pepper-sprayed, and robbed their victims. After his arrest, Morant pled guilty of three counts of aiding and abetting kidnapping in violation of 18 U.S.C. §§ 1201(a) and 2. The Government charged the kidnappings as crimes of violence, and the district court applied

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

the career offender sentencing enhancement because Morant had two prior crimes of violence on his record. *See* U.S.S.G. §§ 4B1.1(a), 4B1.2(a). This enhancement increased Morant's recommended minimum sentence from 210–262 months to 262–327 months. U.S.S.G. § 4B1.1(a). The court sentenced Morant to the maximum 327 months, noting, "Morant [was] one of the most dangerous people [he had] ever encountered." Morant did not object to his sentence and concedes we should review his sentence for plain error only.

On appeal, Morant argues the district court plainly erred because, under the categorical approach, federal kidnapping is not a crime of violence since its elements sweep more broadly than do the elements of generic kidnapping. *See Taylor v. United States*, 495 U.S. 575, 590–96 (1990) (establishing the categorical approach); *Descamps v. United States*, 570 U.S. 254, 261 (2013) (explaining that "if the statute sweeps more broadly than the generic crime, a conviction under that law cannot count" as an enhancing predicate). Applying the sentencing enhancement was therefore plain error affecting Morant's substantial rights.

To demonstrate plain error, Morant must show: (1) error; (2) that is clear or obvious; (3) that affects his substantial rights; and (4) that "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (alteration in original) (citation omitted). At a minimum, Morant fails on prong two, and so our analysis can stop there.

"[U]nder plain-error review, we are not required to definitively conclude an error occurred. Instead, we can assume that one occurred and address whether the alleged error was clear or obvious in the second prong of the plain-error inquiry." *United States v. Forbito*, No. 22-11026, 2023 WL 8274528, at *2 (5th Cir. Nov. 30, 2023); *United States v. Garcia-Gonzalez*,

714 F.3d 306, 318 (5th Cir. 2013) ("assuming *arguendo*" that error occurred but concluding that the error was not plain); *United States v. Alvarado-Martinez*, 713 F. App'x 259, 265–66 (5th Cir. 2017) (assuming error but finding it was not clear or obvious due to a lack of precedent).

Any error here, assuming one occurred, was neither clear nor obvious. Morant points to no precedent holding that federal kidnapping under 18 U.S.C. § 1201(a) is not a crime of violence. *Cf. United States v. Gonzalez-Ramirez*, 477 F.3d 310, 317–18 (5th Cir. 2007) (applying the generic definition of kidnapping to a state but not the federal kidnapping statute). A "lack of binding authority is often dispositive in the plain-error context . . ." *United States v. Gonzalez*, 792 F.3d 534, 538 (5th Cir. 2015). And the few sister circuits to consider this question have found no clear or obvious error. *See United States v. Simmons*, 847 F. App'x 589, 593 (11th Cir. 2021) (rejecting plain error argument because no precedent had held federal kidnapping was not a crime of violence); *United States v. Rodriguez*, 747 F. App'x 93, 96–97 (3d Cir. 2018) (same). And even if Morant had pointed to precedent, "[t]here is no plain error if the legal landscape at the time showed the issue was disputed." *United States v. Rodriguez-Parra*, 581 F.3d 227, 230 (5th Cir. 2009). At the very least, whether federal kidnapping is a crime of violence is disputed.

Accordingly, the district court did not commit plain error.

AFFIRMED.