# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 21, 2013

Lyle W. Cayce
Clerk

No. 11-40582

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE BENITEZ-OSORIO,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CR-264-1

Before JONES, DENNIS, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Appellant Jose Benitez-Osorio challenges his sentence for pleading guilty to unlawful presence in the United States following deportation. 8 U.S.C. § 1326(a) & (b). Because he also pled guilty in 1998 to attempted kidnapping in violation of §§ 664 and 209(b) of the California Penal Code,[1] the base offense was enhanced by sixteen levels for a prior conviction involving a crime of violence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Appellant contends the district court erred by considering the charged conduct of car jacking, *cf. Shepard v. United States*, 544 U.S. 13, 125 S. Ct. 1254 (2005), but this unpreserved error is harmless. The defendant admitted to car jacking but we consider here only his plea.

The district court sentenced Benitez-Osorio to 46 months imprisonment—a bottom of the guidelines sentence—and he timely appealed. Finding no reversible error, we AFFIRM.

## DISCUSSION

Interpretations of the Sentencing Guidelines are reviewed *de novo. United States v. Bonilla*, 524 F.3d 647, 651 (5th Cir. 2008). When error is properly preserved, this court "review[s] the district court's application of the Guidelines *de novo* and its factual findings for clear error." *United States v. Neal*, 578 F.3d 270, 273 (5th Cir. 2009).[2]

The Sentencing Guidelines impose a sixteen-level enhancement to an illegal reentry count whenever a defendant previously committed a "crime of violence." U.S.S.G. § 2L1.2(b)(1)(A)(ii). A prior offense qualifies as such if it is either (1) listed as an enumerated offense—which includes kidnapping—or (2) falls under the residual clause implicating crimes perpetrated through the "use, attempted use, or threatened use of physical force." *Id.* § 2L1.2 cmt. n.1(B)(iii). This case is resolved under prong one.

Attempted kidnapping under the California Penal Code is equivalent to the enumerated crime of kidnapping in the Guidelines. To reach this conclusion, we compare both California attempt (§ 664) and kidnapping (§ 209(b)) to the generic, contemporary definitions of those crimes.[3] The generic definitions of the enumerated crimes come from a "common-sense" meaning divined by surveying sources such as the Model Penal Code ("MPC"), legal treatises, modern state cases, and dictionaries. *United States v. Gonzalez-Ramirez*, 477 F.3d 310, 316

---

[2] Finding no error, we need not decide whether the defendant's objection below was sufficient to warrant *de novo* review of this issue.

[3] "[A] conviction for attempted 'kidnapping' may qualify as the enumerated offense of kidnapping for purposes of section 2L1.2(b)(1)(A)." *United States v. Gonzalez-Ramirez*, 477 F.3d 310, 312 (5th Cir. 2007).

(5th Cir. 2007). In this case, §§ 664 and 209(b) align with these generic definitions.

First, California's version of attempt is in conformity with the generic definition of attempt represented in the MPC's "substantial step" formulation. *See United States v. Saavedra-Velazquez*, 578 F.3d 1103, 1107–09 (9th Cir. 2009) (suggesting California's definition may be even more exacting). Citing *People v. Decker*, 157 P.3d 1017 (Cal. 2007), Appellant argues for a theoretical difference between "substantial step" and the "slight acts" conception of attempt found in California case law. That case, however, actually involves the same *actus reus* as the MPC. In *Decker*, the California Supreme Court required a specific intent and a direct but ineffectual act done toward its commission.[4] *Id.* at 1021. These attempt elements dovetail with this court's recent interpretation of "substantial step" in *United States v. Sanchez*, 667 F.3d 555, 563 (5th Cir. 2012): intent and some act beyond just preparation, even a small one. California attempt is thus tantamount to generic attempt.

Second, the California aggravated kidnapping statute[5] fits comfortably within this circuit's understanding of the generic definition of kidnapping. *United States v. Gonzalez-Ramirez*, 477 F.3d 310, 319 (5th Cir. 2007), which analyzed Tennessee's kidnapping statute, controls this inquiry. After the statute there was held to not sweep more broadly than the generic definition, its four

---

[4] The slight but ineffectual act in *Decker* was soliciting a police officer to carry out a murder. The court said it was enough of an *actus reus* to qualify under other inchoate crimes such as conspiracy had the defendant been dealing with an actual hired killer.

[5] CAL. PENAL CODE ANN. § 209(b) (West 1998):
    (1) Any person who kidnaps or carries away any individual to commit robbery, rape, spousal rape, oral copulation, sodomy, or rape by instrument . . . shall be punished . . . .
    (2) This subdivision shall only apply if the movement of the victim is beyond that merely incidental to the commission of, and increases the risk of harm to the victim over and above that necessarily present in, the intended underlying offense.

elements became the standard in this circuit for comparing other states' laws.[6] Generic kidnapping includes (1) knowing confinement; (2) substantial interference with the victim's liberty; (3) use of force, threat, or fraud; and (4) a substantial risk of bodily injury. We reject Appellant's argument that only elements one and three are present here. As interpreted, § 209(b) requires the offender to move the victim a substantial distance without the victim's consent. *People v. Dominguez*, 140 P.3d 866, 874 (Cal. 2006). This satisfies *Gonzalez-Ramirez*'s second factor. The California statute's requirement of increased "risk of harm to the victim over and above that necessarily present in, the intended underlying offense" may also meet the fourth. Given the physical nature of the aggravating acts listed in the California statute, the risk of harm appears to be bodily.[7] While California's simple kidnapping statute—§ 207(a)—was previously held not to be a crime of violence, *United States v. Moreno-Florean*, 542 F.3d 445, 456 (5th Cir. 2008), that statute lacked aggravating factors present here. Because the *Gonzalez-Ramirez* elements are substantially present in § 209(b), and because an aggravating factor of robbery or sexual assault is explicitly required, the statute meets any "common-sense" definition of kidnapping easily.[8]

---

[6] *See, e.g.*, *United States v. Cervantes-Blanco*, 504 F.3d 576, 586 (5th Cir. 2007) (relying on *Gonzalez-Ramirez* but noting that though none of the "elements are essential, the court did emphasize that where the specified purposes of the MPC kidnapping definition are lacking, *some* aggravating elements are necessary to bring a statute closer to the MPC definition").

[7] *Cf. United States v. Iniguez-Barba*, 485 F.3d 790, 791–92 (5th Cir. 2007) (per curiam) (holding that satisfaction of only the first three *Gonzalez-Ramirez* factors was sufficient for concluding that a New York kidnapping statute was equivalent to the enumerated offense).

[8] Appellant argues that the MPC requires a felony purpose and that some of the sexual offenses listed in the California statute *could* be misdemeanors. There are several reasons to reject this. First, the presumption on these sexual offense "wobblers" is that they are felonies. Second, and more importantly, the MPC—to the extent that it must control—requires a specific (felony) purpose *or some other aggravating factor*. The underlying offense for felony kidnapping need not be a felony itself in order to satisfy a "common-sense" definition.

No. 11-40582

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's sentence.