# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40246

United States Court of Appeals
Fifth Circuit

**FILED**

April 5, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

PEDRO MARTINEZ-ROMERO,
also known as Pedro S. Martinez Romer,
also known as Pedro M. Romero,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before BENAVIDES, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:

This is a direct criminal appeal in which Appellant Pedro Martinez-Romero ("Martinez") challenges only his sentence. Martinez contends that the district court erred in holding that his prior conviction for attempted kidnapping constituted a crime of violence pursuant to the Sentencing Guidelines. U.S.S.G. § 2L1.2(b)(1)(A)(ii). We agree and hold that the error was not harmless. Thus, we vacate his sentence and remand for further proceedings.

No. 15-40246

## I.    BACKGROUND

Martinez pleaded guilty to one count of being found in the United States without the consent of the Attorney General after having been deported in violation of 8 U.S.C. § 1326.  Prior to the sentencing hearing, the probation officer recommended finding that Martinez's prior Florida conviction for attempted kidnapping constituted a crime of violence pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii), which added 16 levels to Martinez's offense level.  Martinez objected to the characterization of his prior conviction as a crime of violence, arguing that his prior conviction was not an enumerated offense and that it did not have as an element the use of force.  At the sentencing hearing, the district court overruled his objections and held that his prior Florida conviction for attempted kidnapping constituted a crime of violence.  As a result, the court increased Martinez's offense level by 16.    § 2L1.2(b)(1)(A)(ii).    After an adjustment of 3 levels for acceptance of responsibility, the total offense level was 21.  Martinez's criminal history category was III, resulting in a guideline range for imprisonment of 46 to 57 months.  The court imposed a sentence of 46 months.  Martinez now appeals.

## II.    ANALYSIS

### A. Standard of Review

Martinez contends that the district court erred in ruling that his prior conviction for attempted kidnapping in Florida is a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii).  This court's review of a district court's sentencing determination is completed in two steps.  *United States v. Robinson*, 741 F.3d 588, 598 (5th Cir. 2014).   In applying this two-step review, this court reviews the district court's interpretation of the Sentencing Guidelines de novo, and its factual findings for clear error.  *Id.* at 598–99.  First, this court must determine

No. 15-40246

whether the district court committed a procedural error. *Gall v. United States*, 552 U.S. 38, 51 (2007). Second, if the there is no procedural error or if the procedural error is harmless, this court reviews the substantive reasonableness of the sentence for abuse of discretion. *Robinson*, 741 F.3d at 598.

## B.    Crime of Violence

The Sentencing Guidelines define a "crime of violence" to include several enumerated offenses, such as murder and kidnapping, and "any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." § 2L1.2 cmt. n.1(B)(iii). Martinez's prior conviction was attempted kidnapping; thus, the first question is whether his Florida kidnapping conviction constitutes an enumerated offense of kidnapping.[1] Although Florida law labels Martinez's prior conviction a kidnapping, "[s]tate-law labels do not control this inquiry because the [crime-of-violence] adjustment incorporates crimes with certain elements, not crimes that happen to have the same label under state law." *United States v. Ramirez,* 557 F.3d 200, 205 (5th Cir. 2009).

### 1. Enumerated Offense

"In determining whether the [state] crime at issue here is the enumerated offense of 'kidnapping,' we look to the 'generic, contemporary' meaning of kidnapping, employing a 'common sense approach' that looks to the Model Penal Code, the LaFave and Scott treatises, modern state codes, and dictionary definitions." *United States v. Iniguez–Barba*, 485 F.3d 790, 791 (5th

---

[1] Martinez recognizes that Florida's criminal attempt statute is not broader than the generic definition of "attempt." *See Garcia-Figueroa,* 753 F.3d at 186–89. He therefore makes no challenge to the attempt statute.

No. 15-40246

Cir. 2007). "When comparing the state conviction with the generic, contemporary meaning of the crime, we examine the elements of the statute of conviction rather than the specifics of the defendant's conduct. We look only to the particular subdivision of the statute under which the defendant was convicted." *United States v. Fierro–Reyna*, 466 F.3d 324, 327 (5th Cir. 2006) (citing *United States v. Fernandez–Cusco*, 447 F.3d 382, 385 (5th Cir. 2006)).

Here, the parties agree that Martinez was convicted under Section 787.01(1)(a)(3) of the Florida Statute.[2]  The state court information tracked the language of the statute, charging that Martinez "did attempt to forcibly, secretly, or by threat, confine, abduct, or imprison [the victim] against her will, without lawful authority, with the intent to inflict bodily harm upon or to terrorize [her] in violation of Florida Statute 787.01(1) and 777.04(1)."[3] Although this court has not determined whether this Florida kidnapping statute is an enumerated offense, it has decided whether several other states' kidnapping statutes qualified as an enumerated offense under the instant sentencing guideline enhancement.   For example, this court held that Tennessee's kidnapping statute fell within the generic, contemporary meaning of the term "kidnapping." *United States v. Gonzalez-Ramirez,* 477 F.3d 310, 318–19 (5th Cir. 2007).   The Tennessee kidnapping statute contained the following elements:  (1) knowing removal or confinement; (2) substantial interference with the victim's liberty; (3) force, threat, or fraud; and (4) a substantial risk of bodily injury or confinement as a condition of involuntary servitude.   *Id.*   In making its determination that the statute was an

---

[2] Section 787.01(1)(a)(3) provides that the "term 'kidnapping' means forcibly, secretly, or by threat confining, abducting, or imprisoning another person against her or his will and without lawful authority, with intent to: . . .  [i]nflict bodily harm upon or to terrorize the victim or another person."

[3] Section 777.04(1) is Florida's criminal attempt statute.

enumerated offense, the court looked to the following definition of kidnapping in Section 212.1 of the Model Penal Code:

> [U]nlawfully remov[ing] another from his place of residence or business, or a substantial distance from the vicinity where he is found, or . . . unlawfully confin[ing] another for a substantial period in a place of isolation, with any of the following purposes:
>
> > (a) to hold for ransom or reward, or as a shield or hostage; or
> > (b) to facilitate commission of any felony or flight thereafter; or
> > (c) to inflict bodily injury on or to terrorize the victim or another; or
> > (d) to interfere with the performance of any governmental or political function.
>
> . . . A removal or confinement is unlawful within the meaning of this Section if it is accomplished by force, threat or deception . . . .

*Id.* at 316.

This court noted that "kidnapping does not occur under the Model Penal Code absent one of the specifically enumerated purposes." *Id.* The Tennessee kidnapping statute did not require a specified nefarious purpose, and thus, Gonzalez-Ramirez argued that the statute failed to qualify as an enumerated offense under the instant sentencing guideline. *Id.* at 317. This court rejected that argument, explaining that a majority of states do not require a specified purpose requirement in their kidnapping statutes. *Id.* at 317–18. The Tennessee statute's required aggravating factors (use of force, threat, or fraud) are comparable to the essential elements of the Model Penal Code's definition of kidnapping. *Id.* at 317. Moreover, the court deemed it "significant that Tennessee requires the use of force, threat or fraud" in addition to the "aggravating elements of substantial risk of injury or confinement as a

condition of involuntary servitude." *Id.* at 319. Indeed, the court opined that the Tennessee kidnapping statute "is at least as restrictive, if not more restrictive, than a majority of state kidnapping statutes." *Id.* at 319. Accordingly, this court concluded that "Tennessee's statute does not sweep more broadly than the generic, contemporary meaning of the term 'kidnapping.'" *Id.* at 320.

After *Gonzalez-Ramirez,* the four elements in the Tennessee kidnapping statute "became the standard in this circuit for comparing other states' laws." *United States v. Benitez-Osorio,* 514 F. App'x 451, 453 (5th Cir. 2013). In other words, for purposes of determining whether a state's kidnapping statute constituted an enumerated offense under this guideline, the generic, contemporary offense of kidnapping included the following elements: (1) knowing confinement; (2) substantial interference with the victim's liberty; (3) use of force, threat, or fraud; and (4) a substantial risk of bodily injury. *Id.*

Additionally, this court has addressed whether New York's second-degree kidnapping statute qualified as an enumerated offense. *United States v. Iniguez-Barba,* 485 F.3d 790 (5th Cir. 2007). The New York statute contained the first three elements of the generic kidnapping statute, but it did not have the fourth element of a substantial risk of bodily injury. *Id.* at 792. We concluded that having the first three elements was sufficient to qualify as an enumerated offense, explaining that we had noted in *Gonzalez-Ramirez* that the Tennessee statute's four elements were "at least as restrictive, *if not more restrictive,* than a majority of state kidnapping statutes." *Id.* We also pointed out that "commentary to the New York kidnapping and unlawful restraint scheme shows that second-degree kidnapping was not meant to be a significantly less serious offense than first-degree kidnapping, such that first-degree kidnapping in New York would be the only 'kidnapping' that's a crime

of violence." *Id.*[4]  Accordingly, a kidnapping statute that has only the first three elements of the generic statute qualifies as an enumerated offense.

In *United States v. Cervantes-Blanco,* this court held that Colorado's second degree kidnapping statute did not qualify as an enumerated offense because it required at most only two of the four elements set forth in *Gonzalez-Ramirez.*  504 F.3d 576, 586–87 (5th Cir. 2007).  The Colorado statute reads as follows:  "Any person who knowingly seizes and carries any person from one place to another, without his consent and without lawful justification, commits second degree kidnapping."  Colo. Rev. Stat. § 18-3-302(1).  This court stated that the statute contained the first element of knowing removal or confinement and "possibly" the third element of force, threat, or fraud; however, it lacked the second and fourth elements: (2) substantial interference with the victim's liberty; and (4) a substantial risk of bodily injury.  *Id.* at 586.  This court explained that "[w]hile *Gonzalez-Ramirez* did not hold that any particular elements are essential, the court did emphasize that where the specified purposes of the MPC kidnapping definition are lacking, *some* aggravating elements are necessary to bring a statute closer to the MPC definition of kidnapping."  *Id.*  The court held that a kidnapping statute that "lacks the specified purposes of the MPC definition and other aggravating elements identified in *Gonzalez-Ramirez* and *Iniguez-Barba*, and also lacks an *explicit*

---

[4] Additionally, the court noted that it had recently held that Texas's kidnapping statute, which like New York's statute does not require a risk of injury, qualified as an enumerated offense.  *Id.* at 793 (citing *United States v. Garcia-Gonzalez,* 168 F. App'x 564, 565 (5th Cir. 2006)).  The court recognized that the case involving the Texas statute was unpublished and reviewed only for plain error.  *Id.* Nonetheless, the court stated that the unpublished opinion was consistent with its conclusion in the New York case.  *Id.*

'force or fraud' requirement, does not qualify as the enumerated offense of 'kidnapping.'" *Id.* at 587 (emphasis added).

In *United States v. Moreno-Florean,* this court held that California's kidnapping statute did not qualify as an enumerated offense because it did not require proof of two of the elements, substantial interference with the victim's liberty, and risk of bodily injury. 542 F.3d 445 at 453–56 (5th Cir. 2008). The California statute did contain the first and third elements identified in *Gonzalez-Ramirez*: (1) knowing removal and confinement; and (3) force, threat, or fraud. *Id.* at 454. Unlike the Colorado statute in *Cervantes-Blanco*, the California statute did contain an *explicit* "force or fraud" element. *Id.* Nonetheless, we explained that "[i]f these two elements were deemed sufficient to constitute the enumerated offense of kidnapping, then dissimilar state kidnapping offenses would be treated identically for purposes of the [crime of violence] enhancement," which "would be inconsistent with the Sentencing Guideline's goals of uniformity and predictability." *Id.* "A two-element definition of kidnapping would sweep more broadly than the generic, contemporary meaning of the crime." *Id.* In order to qualify as an enumerated offense of kidnapping, the statute must contain "[a]dditional aggravating elements, such as the second and fourth elements identified in *Gonzalez-Ramirez,* or the specified purpose requirements of the MPC definition." *Id.*; *accord United States v. Najera-Mendoza,* 683 F.3d 627, 630 (5th Cir. 2012) (holding that the Oklahoma statute, like the California statute, did not qualify as an enumerated offense because it lacked the elements of substantial interference with the victim's liberty and risk of bodily injury).

As previously set forth, the Florida statute at issue provides that the "term 'kidnapping' means forcibly, secretly, or by threat confining, abducting, or imprisoning another person against her or his will and without lawful

authority, with intent to: . . . [i]nflict bodily harm upon or to terrorize the victim or another person." § 787.01(1)(a)(3).[5]    The statute thus contains the knowing confinement element of the generic kidnapping offense and one of the specifically enumerated purposes set forth in the Model Penal Code—intent to inflict bodily harm or terrorize the victim.

However, we conclude that the statute does not have the element of substantial interference with the victim's liberty.  The text of the Florida statute does not include any reference to substantial interference with the victim's liberty.  Additionally, Florida's standard jury instructions provide that the confinement must not be slight or inconsequential *only* when the nefarious purpose alleged is having the intent to commit another felony.  *In re Std. Jury Instructions,* 167 So. 3d 443, 444 (Fla. 2015).  Because a different nefarious purpose was charged in the instant case, that instruction does not apply.  *See Rodriguez v. State*, 147 So. 3d 1066, 1070 (Fla. 3d DCA 2014) (explaining that the "substantiality of confinement factor . . . is germane only when the charge of kidnapping is brought under subsection [§787.01(1)](a)2, where it is alleged that the confinement was with the specific intent to commit or facilitate the commission of another felony").  Thus, under Florida law, the instant kidnapping statute does not require substantial interference with the victim's liberty.

Further, we conclude that the statute does not require that the confinement or abduction of the victim to be achieved by the use of force, threats, or fraud.  The statute expressly provides that the abduction may be accomplished "secretly."  In *Robinson v. State,* the Florida Court of Appeals

---

[5] "In Florida, the crime of kidnapping requires a specific intent on the part of the defendant." *Delgado v. State,* 71 So. 3d 54, 59 (Fla. 2011).

upheld a kidnapping conviction in which it found no physical force or threat was used to transport the kidnap victim. 462 So. 2d 471, 476 (Fla. 1 DCA 1984). In that case, the victim was stranded when her vehicle became stuck on the railroad tracks. *Id.* at 473. As she was walking along the road, Robinson drove up to her and offered his help. *Id.* She accepted his offer and entered his vehicle. *Id.* He drove the victim to an unlit area and sexually assaulted her. *Id.* On appeal, Robinson argued the evidence was insufficient because there was no evidence of any force or threat that was not part of the sexual assault. *Id.* at 475–76. The court of appeals stated that the transportation of the victim was not achieved by physical force or threat. *Id.* at 476. Nonetheless, the court upheld the kidnapping conviction because the jury could find from the victim's testimony that she was unaware of where Robinson was taking her and that the location was isolated such that the victim could not contact a member of the public. *Id.* The court held that this conduct "was tantamount to 'secretly' abducting and confining [the victim] and was legally sufficient to prove the kidnapping charge." *Id.* The Florida kidnapping statute therefore may be violated by secretly abducting the victim without the use of force, threat, or fraud.

Nonetheless, the government contends that the Florida kidnapping statute comports with the generic meaning of "kidnapping" because it requires that the offense be committed with one of the nefarious purposes enumerated in the Model Penal Code's definition of "kidnapping." However, a comparison of the instant statute to the Model Penal Code reveals that it only has two of the four requirements. The Model Penal Code requires (1) unlawful confinement; (2) for a substantial period; (3) with the intent to inflict bodily injury or to terrorize the victim; and (4) the removal or confinement must be accomplished by force, threat or deception. Model Penal Code § 212.1; *see*

*supra* at p.4–5; *Gonzalez-Ramirez,* 477 F.3d at 316.  Because the instant statute only contains two of the four requirements (the first and the third) in the Model Penal Code, the statute does not fall within that definition.  Previously, this court has held that a statute did not qualify as an enumerated offense if it only contained two of the four elements of the generic kidnapping offense.  *Cf. Moreno-Florean,* 542 F.3d at 454 ("A two-element definition of kidnapping would sweep more broadly than the generic, contemporary meaning of the crime."); *accord Najera-Mendoza,* 683 F.3d at 630.  Thus, we hold that the Florida statute does not qualify as an enumerated offense of kidnapping.

### 2.    Use of Force

Although the statute does not qualify as an enumerated offense, alternatively, the statute could qualify as a crime of violence if it has as an element the use, attempted use, or threatened use of physical force.  § 2L1.2(b)(1)(A)(ii).  As previously discussed, Florida's kidnapping statute can be violated without the use of force.  *Robinson*, 462 So. 2d at 476; *see also Bishop v. State,* 46 So. 3d 75, 78 (Fla. Dist. Ct. App. 2010) (applying *Robinson's* holding in the context of the statute prohibiting kidnapping of a child under 13).  Thus, Martinez's kidnapping conviction does not qualify as a crime of violence under § 2L1.2(b)(1)(A)(ii).

### 3. Harmless Error

Having determined that the attempted kidnapping conviction does not constitute a crime of violence under the applicable guideline, we must now determine whether this procedural error is harmless.  Here, there is no record evidence that the district court considered the lower, correctly calculated guideline range without the enhancement for the crime of violence.  Nevertheless, even when a court does not consider the proper sentencing

range, "an error in the guidelines calculation can still be considered harmless." *United States v. Richardson,* 676 F.3d 491, 511 (5th Cir. 2012). First, the government must compellingly prove that the district court would have imposed a sentence outside the properly calculated sentencing range for the same reasons it provided at the sentencing hearing. *United States v. Ibarra-Luna,* 628 F.3d 712, 718–19 (5th Cir. 2010). Second, the government must demonstrate that the "sentence the district court imposed was not influenced in any way by the erroneous Guidelines calculation." *Id.* at 719. "This is a heavy burden." *Id.* at 717.

Martinez responds that without the improper 16-level enhancement, he—at most—would have had an 8-level enhancement for an aggravated felony under § 2L1.2(b)(1)(C), which would have resulted in a guideline range of 18 to 24 months of imprisonment. The improperly calculated guideline range was 46-57 months. Clearly, Martinez's sentence of 46 months is not within the properly calculated guidelines range.

We now turn to the district court's statements on the record at the sentencing hearing. The court stated three times that even if the 16-level enhancement for the attempted kidnapping was incorrect, it would nonetheless impose the same 46-month sentence. The court referenced the PSR and pointed out that within the span of a few months Martinez had been convicted of similar crimes of battery in Florida on two occasions. The court further remarked that the later battery case also involved felony crimes of aggravated stalking and attempted kidnapping. The court noted that the kidnapping victim was a minor. The court also noted that, in between those two occasions, he was convicted of breaching the peace. The court told Martinez that it found his conduct in the United States "very disturbing."

No. 15-40246

The court also referenced the factors under 18 U.S.C. § 3553(a), and stated that Martinez's conduct was a "danger to the community and it's conduct that under 3553(a) we need to protect the community from. We also need to promote respect for the laws of this country and we need to deter you from returning."[6]    We are persuaded that the record demonstrates that the district court would have imposed a sentence outside the properly calculated sentencing range for the same reasons it provided at the sentencing hearing. However, that is not the end of our inquiry.

As set forth above, the government must also demonstrate that Martinez's 46-month sentence "was not influenced in any way by the erroneous Guidelines calculation." *Ibarra-Luna*, 628 F.3d at 719.  As Martinez correctly points out, his sentence of 46 months coincides with the lowest end of the improperly calculated guideline range.    Thus, he argues that the error influenced the district court's determination of his sentence.    There is persuasive, albeit unpublished, authority for this proposition. *See United States v. Cardenas,* 598 F. App'x 265, 269 (5th Cir. 2015) (holding that an error was not harmless when the district court chose the lowest end of the improper

---

[6]   Section 3553(a)  provides that the when the court is determining a sentence, it should consider:

    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2) the need for the sentence imposed--

        (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

        (B) to afford adequate deterrence to criminal conduct;

        (C) to protect the public from further crimes of the defendant; and

        (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

sentencing range after stating that "even if the Court isn't correct, the Court believes it is necessary to sentence at this very high range"); *United States v. Vasquez-Tovar*, 420 F. App's 383, 384 (5th Cir. 2011) (explaining that the sentencing "court imposed a sentence at the bottom of the guidelines range that resulted from the 16-level enhancement, which suggests that the guidelines error did affect the sentence in some way"). We agree with these unpublished opinions and conclude that the district court's selection of the bottom of the incorrect guideline range indicates that the improper guideline calculation influenced the sentence.

Additionally, the court expressly stated that Martinez's prior conduct was "sufficient to justify a sentence within this range of 46-57 months." The court's remark constitutes evidence that the improper guideline range influenced the court's selection of the sentence. Indeed, given the court's explicit attempt to justify the precise range that we have already concluded was improperly calculated, we have difficulty seeing how the government could meet its burden of showing that the erroneous calculation played no part in the court's decision. Just as we refused to chalk up a sentence at the low end of an erroneously calculated range to "coincidence" in *Cardenas*, 598 F. App'x at 270, we think it is a stretch to say that the court's choice of the same parameters as the improperly calculated guidelines range in this case was mere serendipity. While the court expressed a multitude of reasons for imposing a sentence above the properly calculated range, we can find no indication that the court's decision to select the exact low and high ends of the improper range was independent of the erroneous calculation that called the court's attention to that range in the first instance. As such, in light of the court's choosing the bottom end of the incorrect guideline range and the court's comment that Martinez's prior conduct justified a sentence within the incorrect

range of 46-57 months, we remain unpersuaded that the 46-month sentence the district court imposed was not influenced in any way by the erroneous guidelines calculation. *Ibarra-Luna*, 628 F.3d at 719.[7]  On this record, the government cannot satisfy its heavy burden, and thus, the sentencing error is not harmless.

III.    CONCLUSION

For the above reasons, we VACATE Martinez's sentence and REMAND for resentencing consistent with this opinion.

---

[7] Because the procedural error is not harmless, we do not consider the substantive reasonableness of the sentence.