# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-40731

United States Court of Appeals
Fifth Circuit

**FILED**
May 12, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

FREDY DONALDO RODRIGUEZ-MARTINEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:16-CR-95-1

Before STEWART, Chief Judge, HIGGINBOTHAM and COSTA, Circuit Judges.

PER CURIAM:*

Fredy Donaldo Rodriguez-Martinez pleaded guilty to unlawfully reentering the United States following deportation in violation of 8 U.S.C. § 1326. Over his objection, the district court applied the 12-level "crime of violence" sentencing enhancement under § 2L1.2 of the 2015 United States Sentencing Guidelines. The enhancement was based on Rodriguez-Martinez's

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40731

pre-deportation conviction for second-degree burglary of an occupied dwelling in violation of Florida Stat. § 810.02. With a base offense level of 8, plus the 12-level crime-of-violence enhancement, minus a 3-level reduction for acceptance of responsibility, Rodriguez-Martinez's total offense level was 17. That level, coupled with a criminal history category of II, resulted in a recommended Guidelines range of 27–33 months' imprisonment.

The district court chose to upward depart from that recommended range because it found that Rodriguez-Martinez's criminal history was underrepresented. Taking note of the fact that Rodriguez-Martinez had previously been convicted for illegal reentry and sentenced to 37 months, it followed suit with a 37-month sentence (four months more than the Guidelines-recommended maximum). The court stated: "And I want the record to be clear that even if the [crime-of-violence] objection should have been sustained, my sentence would not change. I've considered all of that, and for the reasons articulated, this would be my sentence."

Rodriguez-Martinez timely appealed. We review the application of § 2L1.2's crime-of-violence enhancement *de novo*. *United States v. Ortega-Gonzaga*, 490 F.3d 393, 394 (5th Cir. 2007). While the parties engage over error in the enhancement, we affirm on the basis that any error was harmless. The court may, in its discretion, raise the harmless-error defense sua sponte even where the government declines to argue it. *See United States v. Miranda*, 248 F.3d 434, 443–44 (5th Cir. 2001).

As noted, the district court made clear that it would have imposed the same, 37-month sentence even if it had sustained Rodriguez-Martinez's objection to the crime-of-violence enhancement. Though not inevitably dispositive, the explanation is strong evidence of a want of harm in rejecting the objection. *See United States v. Shepherd*, 848 F.3d 425, 426 (5th Cir. 2017) (error harmless where the district court stated that it sought to "moot" the

2

defendant's challenge). As Rodriguez-Martinez correctly notes, we have previously found error not harmless despite a similar pronouncement of the trial judge. *See United States v. Martinez-Romero*, 817 F.3d 917 (5th Cir. 2016); *United States v. Tanksley*, 848 F.3d 347 (5th Cir. 2017). We find those cases distinguishable. In both, there was no evidence that the district court had considered the lower, correctly calculated Guidelines range. And in both, the district court selected a sentence at the bottom of the erroneous range. By contrast here, the district court was aware of what the applicable Guidelines range would have been had it sustained Rodriguez-Martinez's objection, but nonetheless decided to *upward depart* from the higher range.

Most persuasively, the district court here exercised its discretion not to tether the sentence it imposed to the Sentencing Guidelines. Instead, it used as a guide the fact that the defendant had previously been convicted of exactly the same crime and had received a 37-month sentence. Noting how strange it would be to impose a lesser sentence for this second conviction, the court opted for the same sentence. That determination would remain unchanged regardless the correctly calculated Guidelines range.

On these facts, we find any error committed by the district court in overruling Rodriguez-Martinez's crime-of-violence objection harmless, and we affirm.