# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-41681
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 10, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JORGE ARMANDO MIRELES-IBARRA, also known as Jose Morales,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:16-CR-1253-1

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Jorge Armando Mireles-Ibarra pleaded guilty to illegally reentering the United States. His 34-month, within-Guidelines sentence included an eight-level enhancement because the district court determined that, prior to his first deportation in 2007, Mireles-Ibarra had "sustained a conviction for a felony offense for which the sentence imposed was two years or more." U.S.S.G. § 2L1.2(b)(2)(B). Specifically, Mireles-Ibarra's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41681

2007 deportation followed his conviction and 10-year probationary sentence, under Texas law, for burglary of a habitation.  After he returned illegally in 2011, Mireles-Ibarra violated his probation, and the state court adjudicated him guilty of burglary and sentenced him to two years of imprisonment.  On appeal, Mireles-Ibarra contends that the district court reversibly erred by applying the challenged enhancement because, contrary to the mandate of § 2L1.2, his two-year custodial sentence on the 2007 Texas burglary conviction was not imposed until after he "was ordered deported or ordered removed from the United States for the first time."  § 2L1.2(b)(2).

Even assuming without deciding that the district court erred, we conclude that any error was harmless.  *See United States v. Martinez-Romero*, 817 F.3d 917, 924 (5th Cir. 2016).  The record indicates that the basis for Mireles-Ibarra's 34-month sentence was not the applicable guidelines range, but instead was the inadequacy of the 30-month sentence he had recently served on a prior illegal reentry conviction, which the district court determined warranted a "slightly higher" sentence in this case. *Cf. United States v. Ibarra-Luna*, 628 F.3d 712, 718-19 (5th Cir. 2010).  The court explained that such a sentence was "necessary" to satisfy the ends of 18 U.S.C. § 3553(a), notwithstanding any guidelines error. *Cf. United States v. Bonilla*, 524 F.3d 647, 656-57 (5th Cir. 2008).  The error does not warrant vacating the sentence.

AFFIRMED.