# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41441
Conference Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 29, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff – Appellee,

v.

ABEL RODRIGUEZ-RODRIGUEZ,

      Defendant – Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:15-CR-796-1

Before REAVLEY, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:*

This case was remanded by the United States Supreme Court for further consideration in light of *Esquivel-Quintana v. Sessions*, 137 S. Ct. 1562 (2017), in which the Court held a victim must be younger than 16 years of age for a statutory rape offense based solely on the age of the participants to qualify as the generic federal definition of sexual abuse of a minor. In determining Defendant-Appellant Abel Rodriguez-Rodriguez's offense level under the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41441

United States Sentencing Guidelines, the district court applied a sixteen-level "crime of violence" enhancement based on his prior Texas felony conviction for indecency with a child by contact.  The district court overruled Rodriguez-Rodriguez's objection that the Texas statute, which criminalizes certain conduct with "a child younger than 17 years," does not constitute abuse within the meaning of sexual abuse of a minor, an enumerated "crime of violence."  In light of *Esquivel-Quintana*'s holding, and because the district court did not clearly indicate it was not influenced by its incorrect Guidelines calculation applying the sixteen-level enhancement, we vacate Rodriguez-Rodriguez's sentence and remand for resentencing.

As the Government admits, the district court erred by treating Rodriguez-Rodriguez's conviction for indecency by contact with a child under the age of 17 as a crime of violence under the applicable guideline.  *See Esquivel-Quintana v. Sessions*, 137 S. Ct. 1562, 1568–73 (2017).  We must now determine, however, whether this procedural error was harmless.  "Even when a court does not consider the proper sentencing range, an error in the guidelines calculation can still be considered harmless."  *United States v. Juarez*, 866 F.3d 622, 633 (5th Cir. 2017) (quoting *United States v. Martinez-Romero*, 817 F.3d 917, 924 (5th Cir. 2016)).  "But it is the Government's 'heavy burden' to prove that (1) 'the district court would have imposed a sentence outside the properly calculated sentencing range for the same reasons it provided at the sentencing hearing' and (2) 'the sentence the district court imposed was not influenced in any way by the erroneous Guidelines calculation.'"  *Id.* at 634 (quoting *Martinez-Romero*, 817 F.3d at 924).  Here, the Government cannot meet its heavy burden.

The Government argues that the Guidelines error was harmless given the district court's "ample explanation" regarding its selection of a 57-month sentence and statements by the district court that it would impose the same

2

No. 15-41441

sentence "even if the law should change as to the enhancement." Nonetheless, the district court imposed a sentence within the improperly scored Guidelines range and failed to make clear that its decision was made without influence by this range. In similar cases, this Court has held that such explanations and statements are alone insufficient to support a finding with the requisite certainty that the error was harmless. *See Juarez*, 866 F.3d at 634–45; *United States v. Rico-Mejia*, 859 F.3d 318, 324–25 (5th Cir. 2017); *United States v. Tanksley*, 848 F.3d 347, 353 (5th Cir. 2017); *Martinez-Romero*, 817 F.3d at 924–26; *see also United States v. Richardson*, 676 F.3d 491, 511 (5th Cir. 2012) ("[A] guidelines calculation error is harmless where the district court has considered the correct guidelines range and has stated that it would impose the same sentence even if that range applied."). We reach the same conclusion here.

Accordingly, we VACATE Rodriguez-Rodriguez's sentence and REMAND to the district court for resentencing consistent with this opinion.