# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50210
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 9, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALEJANDRO GALLEGOS-LIRA, also known as Javier Gonzales, also known as Hector Manuel Gonzales-Huerta, also known as Jose Luis Alvarez-Mendoza, also known as Alejandro Gallegos Lira, also known as Alejandro Gallegos, also known as Alejandro Lira Gallegos, also known as Alejandro Lira-Gallegos, also known as Alejandro G-L,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:15-CR-836-1

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Alejandro Gallegos-Lira appeals the 77-month prison sentence he received following his conviction for illegal reentry. In calculating his total offense level, the district court assessed a 16-level enhancement on the grounds

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50210

that his prior Texas conviction for burglary was a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2015).   While the appeal was pending, we overruled our prior precedent and held that the Texas burglary statute is not divisible and is broader than the generic definition of burglary. *United States v. Herrold*, 883 F.3d 517, 529, 541 (5th Cir. 2018) (en banc), *petitions for cert. filed* (Apr. 18, 2018) (No. 17-1445) and (May 21, 2018) (No. 17-9127).  We have applied this holding to Section 2L1.2(b)(1)(A)(ii) (2015), concluding that Texas burglary is no longer a crime of violence for the purposes of the 16-level enhancement. *United States v. Godoy*, 890 F.3d 531, 536 (5th Cir. 2018).

The Government acknowledges the change in the controlling authority but nonetheless urges us to affirm the judgment on the grounds that the error in applying the enhancement was harmless.  Where, as here, the district court did not explicitly consider the correct guidelines range, the Government can show harmless error if it can "compellingly prove that the district court would have imposed a sentence outside the properly calculated sentencing range for the same reasons it provided at the sentencing hearing" and if it can "demonstrate that the 'sentence the district court imposed was not influenced in any way by the erroneous Guidelines calculation.'" *United States v. Martinez-Romero*, 817 F.3d 917, 924 (5th Cir. 2016) (citation omitted).

Deciding to select a sentence at the bottom of an incorrectly calculated guidelines range is evidence that the erroneous guidelines range influenced the sentence. *See id.* at 925-26.  Moreover, we have expressed skepticism that the Government can show that an incorrect guidelines calculation played no role in a district court's selection of a particular sentence where the court makes an "explicit attempt to justify the precise [guidelines] range" that turns out to be incorrect. *Id.* at 926 (explaining that "it is a stretch to say that the court's choice of the same parameters as the improperly calculated guidelines

range . . . was mere serendipity"). The district court did both of those things here. It chose a sentence at the low end of the incorrectly calculated, 77- to 96-month guidelines range, and it explicitly determined that in light of Gallegos-Lira's criminal history and the other Section 3553(a) factors, this precise guidelines range "hit the nail on the head." To be sure, the district court "expressed a multitude of reasons for imposing a sentence above the properly calculated range," but its discussion does not establish that its choice of "the exact low and high ends of the improper range was independent of the erroneous calculation that called the court's attention to that range in the first instance." *Id.*

The Government has not met its "heavy burden" to demonstrate that the incorrect guidelines range did not influence the district court's selection of the sentence. *Id.* Accordingly, the judgment is VACATED and the case is REMANDED for resentencing. On remand, the district court should also consider whether the judgment should continue to reflect that Gallegos-Lira is subject to a sentence under subsection (b)(2) of Section 1326 in light of *Sessions v. Dimaya,* 138 S. Ct. 1204, 1210, 1223 (2018) and *Godoy*, 890 F.3d at 541–42.