# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
September 10, 2018

Lyle W. Cayce
Clerk

No. 17-20521
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ABRAHAM HERNANDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CR-210-1

Before STEWART, Chief Judge, and GRAVES and DUNCAN, Circuit Judges.
PER CURIAM:[*]

Abraham Hernandez appeals the 57-month sentence imposed following his guilty plea for illegal reentry after deportation. Citing *Peugh v. United States*, 569 U.S. 530 (2013), Hernandez argues that the district court violated the Ex Post Facto Clause by applying the 2016 Sentencing Guidelines in determining his sentencing guidelines range because the 2015 Sentencing Guidelines, that were in effect at the time he was found unlawfully in the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20521

United States, would have resulted in a lower sentencing guidelines range. He argues that his prior Texas conviction for burglary no longer qualifies as a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2015), and that therefore, he would not have received a 16-level enhancement under the 2015 Guidelines.

While this appeal was pending, we overruled prior precedent and held that the Texas burglary statute is not divisible and is broader than the generic definition burglary. *United States v. Herrold*, 883 F.3d 517, 529, 541 (5th Cir. 2018) (en banc), *petitions for cert. filed* (Apr. 18, 2018) (No. 17-1445) and (May 21, 2018) (No. 17-9127). We then expressly applied this holding to § 2L1.2(b)(1)(A)(ii) (2015), concluding that Texas burglary is no longer a crime of violence for the purposes of the 16-level enhancement. *United States v. Godoy*, 890 F.3d 531, 536 (5th Cir. 2018).

In *Godoy*, we concluded that although the Supreme Court held in *Sessions v. Dimaya*, 138 S. Ct. 1204, 1223 (2018), that the residual clause definition of crime of violence in 18 U.S.C. § 16(b) was unconstitutionally vague, *Dimaya* does not prohibit the use of § 16(b) to calculate sentences under the advisory Guidelines. *Godoy*, 890 F.3d at 541. Thus, Hernandez's Texas burglary conviction would have resulted in an eight-level increase under the 2015 Guidelines as an aggravated felony. *See* § 2L1.2(b)(1)(C) (2015); *Godoy*, 890 F.3d at 541. With a base offense level of eight and a three-level reduction for acceptance of responsibility, Hernandez's total offense level would have been 13 under the 2015 Guidelines compared to his total offense level of 21 under the 2016 Guidelines. Therefore, the application of the 2016 Guidelines to Hernandez resulted in an ex post facto violation. *See Peugh*, 569 U.S. at 533. Additionally, the record does not show that the error was harmless. *See United States v. Martinez-Romero*, 817 F.3d 917, 924 (5th Cir. 2016).

2

No. 17-20521

Hernandez also argues that the district court erred in entering a judgment under 8 U.S.C. § 1326(b)(2) because his Texas burglary conviction does not qualify as an aggravated felony in light of *Dimaya*. "While *Dimaya* does not forbid using § 16(b) to calculate recommended sentences under the nonbinding Guidelines, . . . *Dimaya* very clearly speaks to situations where a sentencing maximum or minimum is statutorily fixed." *Godoy*, 890 F.3d at 541-42. Thus, the district court erred in entering a judgment reflecting a sentence pursuant to § 1326(b)(2), which provides for a maximum prison term of 20 years, based on the now-unconstitutional definition of "aggravated felony" found in § 16(b). *See id.* at 542.

Accordingly, the judgment is VACATED and the case is REMANDED for resentencing.