# United States Court of Appeals for the Fifth Circuit

No. 21-51211
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 21, 2022

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Rick Benavides,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:19-CR-152-1

Before Stewart, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:*

Rick Benavides appeals his conviction and sentence for attempted coercion and enticement of a minor. He challenges the admission of extrinsic offense evidence, the sufficiency of the evidence, and the application of a sentence enhancement.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-51211

The district court did not abuse its discretion by admitting a masturbation video and picture of female genitalia found through a forensic search of Benavides's cell phone. *See United States v. Kinchen*, 729 F.3d 466, 470 (5th Cir. 2013).  The record evidence is sufficient to support a finding that Benavides exchanged the video and picture with a user of the Whisper application whom Benavides believed was a 15-year-old girl. *See United States v. Gutierrez-Mendez*, 752 F.3d 418, 423 (5th Cir. 2014).  The extrinsic act evidence was relevant to rebut his entrapment defense. *See United States v. Hooker*, 997 F.2d 67, 76 (5th Cir. 1993); Fed. R. Evid. 404(b).  Contrary to Benavides's assertion, evidence of extrinsic offenses that occur subsequent to the charged offense is not barred by Rule 404(b). *See United States v. Jimenez*, 613 F.2d 1373, 1375-76 (5th Cir. 1980).  Evidence that Benavides was exchanging sexually explicit videos and pictures with someone he believed was a 15-year-old girl, while simultaneously chatting with and arranging to meet the Government's 14-year-old persona, suggests that he was predisposed to entice a minor to engage in sexual activity and was not induced by the Government's actions. *See United States v. Howard*, 766 F.3d 414, 425 (5th Cir. 2014).

Moreover, the video and picture were not unduly prejudicial as they did not show violence or sexual contact. *See United States v. Grimes*, 244 F.3d 375, 383 (5th Cir. 2001).  The Government's need for the evidence, the similarity of the offenses, and the closeness in time made the extrinsic evidence highly probative in proving the key issue at trial. *See United States v. Juarez*, 866 F.3d 622, 627 (5th Cir. 2017).  In addition, the district court was careful to limit the amount of the media that was shown to the jury and gave a limiting instruction in the jury charge. *See United States v. Naidoo*, 995 F.3d 367, 377-78 (5th Cir. 2021).  Benavides has not shown that the admission of the video and picture were a "prejudicial abuse of discretion." *United States v. Williams*, 620 F.3d 483, 491 (5th Cir. 2010) (quotation omitted).

No. 21-51211

As for the sufficiency of the evidence, "[e]ntrapment is an affirmative defense with two related elements: government inducement of the crime and a lack of predisposition on the part of the defendant to engage in the criminal conduct." *United States v. Wise*, 221 F.3d 140, 154 (5th Cir. 2000). Our careful review of the trial evidence in the light most favorable to the verdict convinces us that, even assuming that there was government inducement here, there was sufficient evidence from which a rational jury could have found that the Government proved beyond a reasonable doubt that Benavides was predisposed to commit the crime of which he was found guilty. *See United States v. Reyes*, 239 F.3d 722, 739 (5th Cir. 2001); *United States v. Theagene*, 565 F.3d 911, 920 (5th Cir. 2009).

Finally, Benavides has failed to show that the district court clearly erred by finding that he authored a note on his cell phone, describing in the first person multiple encounters where he had sexual intercourse with a 14-year-old girl. *See United States v. Sandlin*, 589 F.3d 749, 757 (5th Cir. 2009). Benavides failed to offer rebuttal evidence to show "that those facts are 'materially untrue, inaccurate or unreliable.'" *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012). He has shown no error in the calculation of his sentence. *See United States v. Martinez-Romero*, 817 F.3d 917, 919 (5th Cir. 2016).

The district court's judgment is AFFIRMED.