# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 9, 2024

Lyle W. Cayce
Clerk

No. 22-50774
CONSOLIDATED WITH
No. 22-51023

United States of America,

*Plaintiff—Appellee*,

*versus*

Mark Richard Walters,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC Nos. 4:21-CR-327-1,
4:21-CR-327-1

Before Elrod, Willett, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Mark Richard Walters appeals his conviction and sentence under 18 U.S.C. § 922(g)(1). Because procedural errors were committed in calculating his sentencing range under the Sentencing Guidelines, and those errors were not harmless, we VACATE his sentence and REMAND for resentencing.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

22-50774
c/w No. 22-51023

\*     \*     \*

Walters was approached by park rangers in Big Bend National Park who were responding to a report of a verbal altercation. The rangers learned that Walters had outstanding warrants and a criminal history, so they arrested him. Walters, a convicted felon, was found to have a Glock 45 9-millimeter handgun and three magazines in his vehicle.

Walters was indicted under 18 U.S.C. § 922(g)(1) for being a felon in possession of a firearm and was additionally indicted for one unrelated charge. He pleaded guilty to both charges. The presentence report provided a Guidelines range of 57 to 71 months for the felon-in-possession charge, determining the base offense level from the allegations that: (1) the firearm was capable of accepting a large capacity magazine; and (2) Walters had been previously convicted for a crime of violence—retaliation under Texas Penal Code § 36.06. Walters objected to the PSR, arguing that he did not possess a large capacity magazine and that the retaliation conviction did not qualify as a crime of violence under the terms of the Sentencing Guidelines. The district court nonetheless sentenced Walters to 71 months of imprisonment for the 18 U.S.C. § 922(g)(1) charge.

Walters now appeals his sentence, continuing to press his objections to the Guidelines calculation. We review the district court's interpretation of the Sentencing Guidelines *de novo* and its factual findings for clear error. *United States v. Martinez-Romero*, 817 F.3d 917, 919 (5th Cir. 2016). "[T]he Government bears the burden of showing, by a preponderance of the evidence, the facts necessary to support an elevated base offense level." *United States v. Luna-Gonzalez*, 34 F.4th 479, 480 (5th Cir. 2022).

The government does not appear to contest Walters's argument that the Guidelines calculation was incorrect. We conclude that it was incorrect. First, we agree with Walters that the government introduced "zero evidence

(let alone a preponderance)," *see id.* at 480, that the magazines found in proximity to the firearm in question were large capacity magazines—defined as being capable of holding more than 15 rounds. U.S. Sent'g Guidelines Manual (U.S.S.G.) § 2K2.1, cmt. n.2. The PSR stated only that "[a]vailable information revealed that a standard magazine for a Glock model 45, 9 millimeter semi-automatic pistol accepts 17 rounds of ammunition." But there was apparently no evidence as to the capacity of the *actual* magazines that were seized. The vague reference to "available information" is not sufficient. *See United States v. Abrego*, 997 F.3d 309, 313 (5th Cir. 2021) (insufficient for government to rely on firearm manufacturer website for evidence of magazine capacity, without evidence that the gun was purchased directly from the manufacturer or was in the same condition as marked by the manufacturer); *cf. Luna-Gonzales*, 34 F.4th at 480 (no evidence that magazine was compatible with defendant's actual firearm).

Second, we agree also that Walters's retaliation conviction under Texas Penal Code § 36.06 is not a conviction for a crime of violence. A "crime of violence" must have "as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). Retaliation under Texas Penal Code § 36.06 has no such element. *United States v. Martinez-Mata*, 393 F.3d 625, 628 (5th Cir. 2004). And the "harm" that the provision proscribes is broadly defined elsewhere in the Texas Penal Code as "anything reasonably regarded as loss, disadvantage, or injury." Tex. Penal Code § 1.07(a)(25). Therefore, "a retaliation conviction does not require physical force. . . . [I]t is possible to harm an individual in retaliation *without* availing oneself of force against that person." *Martinez-Mata*, 393 F.3d at 628. Put this together and, as Walters points out, the Guidelines range should have been lower than 57 to 71 months. *See* U.S.S.G. §§ 2K2.1, 3D1.4.

We now must determine if this procedural error was harmless. The government faces a "heavy burden" to demonstrate harmlessness. *United States v. Ibarra–Luna*, 628 F.3d 712, 717 (5th Cir. 2010). "First, the government must compellingly prove that the district court would have imposed a sentence outside the properly calculated sentencing range for the same reasons it provided at the sentencing hearing. Second, the government must demonstrate that the 'sentence the district court imposed was not influenced in any way by the erroneous Guidelines calculation.'" *Martinez-Romero,* 817 F.3d at 924 (quoting *id.* at 718–19) (internal citation omitted).

This case is on all fours with *Martinez-Romero*. As to the first requirement, the district court stated that, even if it had sustained some of Walters's objections, it "would have sentenced Mr. Walters to the sentence that the Court sentenced Mr. Walters to." And it also referenced the factors under 18 U.S.C. § 3553(a) as supporting the sentence. Therefore, the government has likely met the first requirement to show harmlessness. *See Martinez-Romero*, 817 F.3d at 925.

However, we are not persuaded as to the second requirement. Crucially, the sentence of 71 months "coincides with the [highest] end of the improperly calculated guideline range." *See id.* (observing that the sentence coincided with the lowest end of the incorrect range). This selection "indicates that the improper guideline calculation influenced the sentence." *See id.* at 926. In addition, the district court noted its approval of the erroneous Guidelines range, stating that "the guideline range in this case [is] fair and reasonable." In *Martinez-Romero*, we held that both of these factors tended to show that the sentence was influenced by an erroneous Guidelines range. *Id.* The government argues that this case more resembles *United States v. Reyna-Aragon*, where we held that an erroneous Guidelines range was harmless. 992 F.3d 381, 389 (5th Cir. 2021). But in that case, the sentence imposed was not at the exact top or bottom of the erroneous

22-50774
c/w No. 22-51023

Guidelines range. *Id.* Here, we cannot say that the government has met its heavy burden to show that the district court's sentence was "not influenced in any way" by the erroneous calculation. *See Martinez-Romero*, 817 F.3d at 926. Walters's sentence must accordingly be vacated.

Finally, Walters argues that 18 U.S.C. § 922(g)(1) violates the Second Amendment, relying on the Supreme Court's recent opinion in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022). He therefore requests that his underlying conviction be vacated. Because Walters raises this argument for the first time on appeal, we review for plain error. *United States v. Jones*, 88 F.4th 571, 572 (5th Cir. 2023). "Given the absence of binding precedent holding that § 922(g)(1) is unconstitutional, and that it is unclear that *Bruen* dictates such a result," we hold that Walters has "failed to demonstrate that the district court's application of § 922(g)(1) constitutes plain error." *See id.* at 574.

\*     \*     \*

We VACATE Walters's sentence and REMAND for resentencing consistent with this opinion.